**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ALFRED C. DIZON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-cv-00033-O-BP** |
| | § | |
| **PHILIPPINE AIRLINES COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Entry of Default and Default Judgment Against
Defendant Philippine Airlines Company (PAL) that *pro se* Plaintiff Alfred Dizon ("Dizon") filed
on July 15, 2025. ECF No. 7. Having considered the Motion, supporting evidence that Dizon
offered, and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United
States District Judge Reed O'Connor **DENY** Plaintiff's Motion, as default judgment is not
procedurally warranted.

**I.    BACKGROUND**

Dizon alleges that Defendant Philippine Airlines Company ("PAL") collected airline fares
from him without rendering the promised services. ECF No. 1. On April 10, 2025, the clerk of
court issued a summons to PAL in care of "LUCIO TAN" at an address in the Republic of the
Philippines. ECF No. 3. On April 25, 2025, Dizon filed proof of service of process on Princes
Castañeda, an employee of PAL. ECF No. 5. On September 25, 2025, the undersigned ordered
Dizon to file supplemental briefing evidencing that Princes Castañeda was designated by law as
an individual to accept service of process on behalf of PAL and providing legal authority
supporting this designation by October 28, 2025. ECF No. 10.

Dizon responded to the order by again providing the identification badge belonging to Princes Castañeda showing that she is a current employee of PAL. ECF No. 11 at 1. Dizon claims that this badge amounts to proof not just that Princes Castañeda is an employee, but also that she is authorized to accept service on behalf of PAL. *Id.* Other than reasserting his claims and filing duplicate copies of his proof of service, Dizon provides no evidence for this contention.

On August 20, 2025, Dizon filed "Proof of Service" of a copy of the pending Motion on Kathleen Delera, whom the process server identified as "a person who is designated by law to accept service of process on behalf of [PAL]." ECF No. 12. The filed "Proof of Service" states that the process server delivered a copy of the Motion to Kathleen Delera by hand. *Id.* The document also includes a badge identifying Kathleen Delera as an employee of PAL. *Id.* It also reflects that Dizon emailed a copy of the Motion on July 17, 2025 to Arjuna Das Mattew F. Guevara "PAL's Legal Counsel." *Id.* This filing does not address whether Dizon ever served the summons and complaint on a duly authorized agent of PAL.

The additional evidence of service of the summons and complaint does not show that Castañeda is authorized to accept service of process on behalf of PAL and does not provide legal authority supporting this designation.

Moreover, Dizon's service did not comport with the Hague Service Convention. When the country of a defendant is a signatory member, the rules of the Convention apply "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, (1988) (quoting Hague Service Convention, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 1). These rules apply to Dizon's suit because the Philippines is a signatory of the

2

convention. *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=121 (last visited Oct. 23, 2025).

Under the Hague Service convention:

"[t]he [Convention's] primary innovation" is the requirement that each member state must "establish a central authority to receive requests for service of documents from other countries," *Schlunk*, 486 U.S. at 698 (citing Hague Convention art. 2). The central authority then must serve the documents in accordance with the internal law of the receiving state, or "by a particular method requested by the applicant," provided that such method is compatible with the receiving state's laws. Hague Convention art. 5. Following service, the central authority must provide the applicant with a certificate of service. *Id.* art. 6. If service is not successful the certificate must list the reasons that prevented service. *Id.*

The Convention specifies alternative forms of service, provided the receiving country does not object to those types of service. Permissible methods include service on "diplomatic or consular agents," service through "consular channels," service on "judicial officers," and direct service "by postal channels." *Id.* art. 8–10. The Convention also allows countries to designate additional methods of service, either unilaterally within their own borders or through agreements with other nations. *Id.* art. 11, 19.

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co., Ltd.*, 494 F. Supp. 3d 404, 409-10 (N.D. Tex. 2020) (cleaned up). Dizon has not suggested that he submitted a request for service of documents with the central authority of the Philippines, nor completed any of the other mandatory steps under the Hague Service Convention.

Accordingly, the Court is not convinced that Dizon served the summons and complaint on PAL as the law requires. Because it is unclear whether PAL has notice of the suit, granting default judgment is not procedurally warranted.

It is appropriate for the Court to rule on the issue of default judgment, however. On July 14, 2025, the Court ordered Dizon to move for entry of default and default judgment. ECF No. 6. He did so the next day, submitting a combined request for default and default judgment. ECF No. 7. The Clerk entered default on July 15, 2025. ECF No. 8. Dizon's outstanding motion for default judgment is ripe for the Court's review. ECF No. 7.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(1-2).

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)).

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir.

1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 (calling default judgments "draconian").

## III.    ANALYSIS

Under *Lindsey*, the Court considers whether default judgment is procedurally proper based on six considerations. *See* 161 F.3d at 893. None of these factors weigh in favor of entry of a default judgment against PAL.

For the first factor, material issues of fact may on Dizon's claims. *See Lindsey*, 161 F.3d at 893. Because PAL has not participated in this suit, it has not disputed any material facts. If it were clear that PAL had notice of the suit, this would suggest that there were no genuine disputes of material fact between the parties, and this factor would favor Dizon. However, since it is unclear whether Dizon has properly served process on PAL, this factor is not established.

For the second factor, it is unclear whether the "substantial prejudice" requirement would undermine Dizon's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. This factor may support Dizon's entitlement to default judgment because Dizon may be prejudiced by Defendant's non-participation. *See United States v. Petra Corp*., No. 3:22-CV-0930-B, 2023 WL 4374432, at *3 (N.D. Tex. July 6, 2023) (noting that the defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing the [participating party's] interests."). However, if PAL never received notice of the suit, then it would not be proper to enter default judgment against it. Therefore, this factor is not established in Dizon's favor.

The third, fourth, and fifth factors also do not clearly support entry of default judgment against Dizon. As for the third factor, the grounds of PAL's default are not clearly established, given that it may not have been served with process. *See Marusak v. Sema Constr.*, Nos. 4:21-cv-

6

00475-P-BP, 4:21-cv-00646-P-BP, 2021 WL 5701495, at \*2 (N.D. Tex. Nov. 15, 2021). It is unclear whether PAL's non-participation results from a willful default or the result of simply never receiving notice of the suit. Likewise, the fourth factor is not established because it is unclear whether the default is due to evasion of service or to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. The fifth factor is not established because it is difficult to determine whether default would be "too harsh" without knowing whether PAL has received notice of the suit. *See id.*

Finally, for the sixth factor, the Court would feel "obliged to set aside the default upon motion from the defendant," if Dizon did not follow the Hague Service Convention in serving PAL and if PAL never received proper notice of Dizon's suit. *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"); *Marusak*, 2021 WL 5701495, at \*2 ("[T]he record suggests the Court could feel obligated to set aside a default judgment [because] it is unclear whether Sema received proper service of process.").  Therefore, the sixth factor is not established, either.

Accordingly, since Dizon has not established any of the *Lindsey* factors, Dizon's claims do not survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813-14. This renders a step-two analysis of the merits of Dizon's claims unnecessary. *See id.; see also Nishimatsu*, 515 F.2d at 1206.

## IV.    CONCLUSION

Because default judgment is not procedurally warranted, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Plaintiff's Motion for Entry of Default and Default Judgment Against Defendant (PAL) (ECF No. 7).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 24, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE